

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

Samantha C. Fasanello
Assistant United States Attorney

970 Broad Street, Suite 700
Newark, New Jersey 07102

Phone: 973-297-4388

November 4, 2021

***Via Email***
John D. Lynch, Esq.
1814 Kennedy Boulevard
Union City, New Jersey 07087

      Re:   <u>Plea Agreement with Daniel Hooban</u>
                Criminal No. 21-910

Dear Mr. Lynch:

      This letter sets forth the plea agreement between your client, Daniel Hooban ("HOOBAN"), and the Acting United States Attorney for the District of New Jersey ("this Office"). The Government's offer to enter into this plea agreement will expire on November 19, 2021 if a signed copy is not received by this Office on or before that date.

Charge

      Conditioned on the understandings specified below, this Office will accept a guilty plea from HOOBAN to a three-count Information charging him with: (1) possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count One); (2) possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Two); and (3) possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Three).

      If HOOBAN enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against HOOBAN for distributing and possessing with intent to distribute controlled substances from June 1, 2020 through June 29, 2020 in the District of New Jersey, or for knowingly possessing a firearm and ammunition after having been convicted of a felony offense in

Bayonne on or about June 29, 2020. This Office expressly reserves the right to file a charge against HOOBAN for possessing a firearm in furtherance of a drug trafficking crime in Bayonne on or about June 29, 2020. And, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, HOOBAN agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by HOOBAN may be commenced against him, notwithstanding the expiration of the limitations period after HOOBAN signs the agreement.

## Sentencing

The violation of 18 U.S.C. § 922(g)(1) to which HOOBAN agrees to plead guilty in Count One of the Information carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) to which HOOBAN agrees to plead guilty in Counts Two and Three of the Information carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $1,000,000, or (2) twice the gross profits or other proceeds to HOOBAN.

The sentences on Counts One through Three may run consecutively.

The sentence to be imposed upon HOOBAN is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence HOOBAN ultimately will receive.

Further, in addition to imposing any other penalty on HOOBAN, the sentencing judge: (1) will order HOOBAN to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order HOOBAN to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) with respect to Count One, must order forfeiture pursuant to 18 U.S.C. § 924; (4) with respect to Counts Two and Three, must order forfeiture

- 2 -

pursuant to 21 U.S.C. § 853 of: (a) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation, and (b) any property used, or intended to be used, in any matter or part, to commit, or to facilitate the commission of, such violation; and (5) with respect to Counts Two and Three, may deny HOOBAN certain statutorily defined benefits pursuant to 21 U.S.C. §§ 862 and 862a.

Additionally, with respect to Count One, pursuant to 18 U.S.C. § 3583, the sentencing judge may require HOOBAN to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should HOOBAN be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, HOOBAN may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

With respect to Counts Two and Three, pursuant to 18 U.S.C. § 3583 and 21 U.S.C. § 841, the sentencing judge must require HOOBAN to serve a term of supervised release of at least three years, which will begin at the expiration of any term of imprisonment imposed. Should HOOBAN be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, HOOBAN may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on HOOBAN by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of HOOBAN's activities and relevant conduct with respect to this case.

### Stipulations

This Office and HOOBAN agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea

agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or HOOBAN from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and HOOBAN waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

### Forfeiture

As part of his acceptance of responsibility, HOOBAN agrees to forfeit to the United States: (i) pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461, any firearms and ammunition involved in the commission of the offense charged in Count One of the Information; and (ii) pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offense charged in Counts Two and Three of the Information and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offense. Such property includes, but is not limited to, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461, one Glock 26 9 millimeter handgun, bearing serial number FSC107 and ten rounds of 9 millimeter ammunition, seized on or about June 29, 2020, which HOOBAN acknowledges were involved in the commission of a knowing violation of 18 U.S.C. § 922(g)(1) (the "Forfeitable Property").

HOOBAN agrees to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state

or federal. HOOBAN agrees to consent to the entry of orders of forfeiture for the Forfeitable Property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. HOOBAN understands that the forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Furthermore, HOOBAN waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

HOOBAN further consents to the administrative and/or civil judicial forfeiture of the Forfeitable Property pursuant to 18 U.S.C. § 981 and/or 982. HOOBAN agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Forfeitable Property and will not cause or assist anyone else in doing so. To the extent HOOBAN has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Forfeitable Property, such claims or petitions are hereby deemed withdrawn. HOOBAN further agrees to take all necessary steps to pass clear title to the Forfeitable Property to the United States, including, but not limited to, the surrender of such property to the United States Marshals Service and the execution of all necessary documentation.

HOOBAN consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all right, title, and interest in the Forfeitable Property and waives: (1) all challenges of any kind to the forfeiture and abandonment of the Forfeitable Property by federal, state, and/or local law enforcement; and (2) any additional notice requirement in connection with the forfeiture and abandonment of this property. HOOBAN also consents to the destruction of the Forfeitable Property at the discretion of federal, state, and/or local law enforcement.

Immigration Consequences

HOOBAN understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. HOOBAN understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. HOOBAN wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. HOOBAN understands that he is bound by his guilty plea regardless of

any immigration consequences of the plea. Accordingly, HOOBAN waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against HOOBAN. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against HOOBAN.

No provision of this agreement shall preclude HOOBAN from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that HOOBAN received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the plea agreement between HOOBAN and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

RACHAEL A. HONIG
Acting United States Attorney

By: *[signature]*
SAMANTHA C. FASANELLO
ROBERT FRAZER
Assistant U.S. Attorneys

- 6 -

APPROVED:

*Jamel Semper*

_____
JAMEL SEMPER
Chief, Organized Crime and Gangs Unit

- 7 -

I have received this letter from my attorney, John D. Lynch, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: 12/2/21
Daniel Hooban

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: 12/2/21
John D. Lynch, Esq.
Counsel for Defendant, Daniel Hooban

- 8 -

Plea Agreement With Daniel Hooban

Schedule A

1. This Office and HOOBAN recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and HOOBAN nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence HOOBAN within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and HOOBAN further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

### Count One
### Possession of a Firearm by a Convicted Felon

3. With respect to Count One of the Information, the applicable guideline is U.S.S.G. § 2K2.1. This guideline carries a Base Offense Level of 24 because HOOBAN committed the instant offense subsequent to sustaining at least two felony convictions for either a crime of violence or a controlled substance offense. See U.S.S.G. § 2K2.1(a)(2).

### Count Two
### Possession with Intent to Distribute Cocaine

4. If HOOBAN is not determined to be a career offender, then the applicable guideline is U.S.S.G. § 2D1.1. That guideline carries a Base Offense Level of 12 because the offense involved less than 50 grams of cocaine. See U.S.S.G. § 2D1.1(c)(14).

### Count Three
### Possession with Intent to Distribute Cocaine Base

5. If HOOBAN is not determined to be a career offender, then the applicable guideline is U.S.S.G. § 2D1.1. That guideline carries a Base Offense Level of 16 because the offense involved at least 5.6 grams, but less than 11.2 grams of cocaine base. See U.S.S.G. § 2D1.1(c)(12).

### Grouping

6. Counts One through Three group together pursuant to U.S.S.G. § 3D1.2(c).

- 9 -

7. The offense level for the Group is that of the offense that produces the highest offense level. U.S.S.G. § 3D1.3(a) and Application Note 3. Accordingly, if HOOBAN is not determined to be a career offender, then the offense level after grouping for Counts One, Two, and Three is 24.

### Acceptance of Responsibility

8. As of the date of this letter, it is expected that HOOBAN will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and HOOBAN's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. See U.S.S.G. § 3E1.1(a) and Application Note 3.

9. As of the date of this letter, it is expected that HOOBAN will assist authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in HOOBAN's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) HOOBAN enters a plea pursuant to this agreement, (b) this Office in its discretion determines that HOOBAN's acceptance of responsibility has continued through the date of sentencing and HOOBAN therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) HOOBAN's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

10. In accordance with the above, the parties agree that the total Guidelines offense level, if HOOBAN is not a career offender, is 21.

### Career Offender

11. Pursuant to U.S.S.G. §§ 4B1.1(a), HOOBAN may be a career offender because: (a) he was at least eighteen years old at the time he committed the instant offense; (b) Counts Two and Three each constitute controlled substance offenses under U.S.S.G. § 4B1.2; and (c) HOOBAN may have at least two prior felony convictions for either a crime of violence or a controlled substance offense. The parties defer to the criminal history calculation by the United States Probation Office as to whether HOOBAN is a career offender.

12. With respect to Counts Two and Three, if HOOBAN is determined to be a career offender, the base offense level for each count is 32 because the charged

- 10 -

offense carries a maximum potential prison sentence of 20 years or more. See U.S.S.G. § 4B1.1(b)(3).

13. After a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b), the parties agree that the total Guidelines offense level, if HOOBAN is a career offender, is 29 (the "agreed total Guidelines career offender offense level," or, when referenced together with the agreed total Guidelines non-career offender offense level, the "agreed total Guidelines offense level").

14. The parties agree not to seek or argue for any upward or downward departure, adjustment, or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

15. HOOBAN knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that to which the parties stipulated herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

16. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.